UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CALVIN EUNICE MARSHALL,

                Plaintiff,

v.

UNKNOWN JENSEN, et al.,

                Defendants.

_____/

Case No. 1:24-cv-829

Honorable Phillip J. Green

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint was previously dismissed without prejudice after Plaintiff failed to file an amended complaint on the proper form in compliance with the Court's order. However, on July 11, 2025, the Court granted Plaintiff's motion for reconsideration (ECF No. 10) and reopened the case, allowing Plaintiff an additional 28 days in which to file an amended complaint (ECF No. 11).  Plaintiff has filed an amended complaint, and the case is ready for review (ECF No. 12).

The Court will grant Plaintiff leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge.  (Am. Compl., ECF No. 12, PageID.53.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g., Conway v. Fayette Cnty.*

2

*Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Grose, Jennings, Teelander, and Slusher. Moreover, the Court will dismiss, for failure to state a claim, Plaintiff's Eighth Amendment excessive force claim against Defendant Jensen arising out of the hallway and shower assaults. Plaintiff's Eighth Amendment claims against Defendant Jensen for the use of excessive force relating to the door slot incident and against Defendant McIntyre for deliberate indifference to Plaintiff's serious medical needs remain in the case.

**Discussion**

## I.      Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility, in Freeland, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. Plaintiff sues Corrections Officers Unknown Jensen, Unknown Jennings, and Unknown Grose. Plaintiff also sues Registered Nurses Unknown Macintyre and Unknown Slusher as well as Sergeant Unknown Teelander.

4

In his amended complaint, Plaintiff alleges that on April 2, 2024, he was "assaulted off camera and on camera" by Defendants Jensen, Grose, and Jennings. (ECF No. 12, PageID.51.)   Plaintiff states that Defendant Jensen was stripping Plaintiff along with Defendants Grose and Jennings.  Plaintiff reports that because Plaintiff would not speak, they "assaulted [him] and then took [him] towards [his] cell then back to assault [him] again in the shower." (*Id.*)  Once Plaintiff was in his cell in handcuffs, Defendant Jensen "pulled [him] him [through] the slot with the dog leash on and destroyed [Plaintiff's] tendon in [his] wrist." (*Id.*)

On April 6, 2024, Plaintiff stopped a nurse, apparently Defendant McIntyre, who gave him an ace bandage and told him that he would be called out within five business days. (*Id.*)  Plaintiff filed a grievance on Defendants Jensen, Jennings, and Grose, and internal affairs was investigating. (*Id.*)

Plaintiff states that Defendants Macintyre, Teelander, and Slusher were deliberately indifferent in violation of his Eighth Amendment rights.  Plaintiff reports that "no one would schedule a[n] x-ray [and] everyone down[]played [the] situation." (*Id.*)  Defendant Macintyre lied about Plaintiff being in pain but gave him an ace bandage. (*Id.*)  Plaintiff was never called out of his cell to see healthcare for his wrist. (*Id.*)

Plaintiff claims that Defendants violated his rights under the Eighth Amendment and seeks compensatory and punitive damages in the amount of $5,000,000.00. (*Id.*, PageID.51–53.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the

penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).  As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

### A.    Use of Excessive Force by Defendants Grose, Jennings, Jensen, and Teelander

Plaintiff claims that Defendants Grose, Jennings, and Jensen used excessive force against Plaintiff.  As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)).  Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson*, 503 U.S. at 9.  "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)).  Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to Eighth Amendment excessive force claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)).  First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383.  Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.  Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

### 1.    The Hallway and Shower Assaults

With regard to the physical contact between Plaintiff and Defendants Jensen, Jennings, and Grose in the hall or the shower area, Plaintiff states only that Defendants "assaulted" him. (Am. Compl., ECF No. 12, PageID.51.)  As noted above, physical contact—even contact that rises to the level of "assault"—does not, standing alone, support an inference that excessive force was used.  Plaintiff alleges no facts to show the extent of force used or the consequences of that use of force.  Accordingly, with regard to the "assaults" in the hallway and shower, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.  His allegations do not suffice with regard to the subjective or objective components of the claim.

9

### 2.    The Door Slot Incident

Plaintiff's allegations regarding Defendant Jensen pulling Plaintiff's handcuffed arms through the door slot using the "leash," however, provides additional factual detail that at least minimally supports an inference that Defendant Jensen may have acted without penological justification for the purpose of inflicting pain. Plaintiff does not allege that any other Defendant was directly involved in the incident relating to the door slot. Construing Plaintiff's allegations liberally, Plaintiff's Eighth Amendment claim against Defendant Jensen relating to the door slot incident may not be dismissed at this stage of the proceedings.

### 3.    Sergeant Teelander

Plaintiff mentions Defendant Teelander in the paragraph recounting his excessive force claims; but, Plaintiff alleges only that "at no time would Sgt Teelander help me." (Am. Compl., ECF No. 12, PageID.51.)  Plaintiff does not allege that Defendant Teelander was present, much less involved, in the hallway/shower assaults or the door slot incident.  It is possible that Plaintiff seeks to impose liability on Defendant Teelander for the actions of his subordinates, Jensen, Jennings, and Grose.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  Likewise, "[i]ndividual liability on a failure-to-train or supervise theory 'must be based on more than respondeat superior, or the right to control employees.'" *Zakora v. Chrisman*, 44 F.4th 452, 475

10

(6th Cir. 2022) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson*, 556 F.3d at 495. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.

11

1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff's complaint fails to allege any facts concerning the hallway/shower assaults or the door slot incident to show that Defendant Teelander was aware, before or after the events described in Plaintiff's complaint, that Defendant Teelander's assistance was needed.  Plaintiff has not alleged any facts that would demonstrate that Defendant Teelander knowingly authorized or acquiesced in the decision to assault Plaintiff in the hallway or shower or to cause Plaintiff harm by yanking his handcuffed arms through the door slot.  Accordingly, the Court will dismiss Plaintiff's Eighth Amendment excessive force claims against Defendant Teelander.

### 4.     Excessive Force Summary

Plaintiff's excessive force claims against Defendants Jennings, Grose, and Teelander will be dismissed for failure to state a claim.  Plaintiff's excessive force claim against Defendant Jensen relating to the "assaults" in the hallway and shower will also be dismissed for failure to state a claim.  Plaintiff's excessive force claim against Defendant Jensen arising out of the door slot incident remains in the case.

### B.     Deliberate Indifference to a Serious Medical Need

Plaintiff next contends that Defendant Nurses McIntyre and Slusher and Sergeant Teelander were deliberately indifferent to the wrist injury Plaintiff suffered because of Defendant Jensen's alleged use of excessive force.  "The Supreme Court has long recognized that the government has a constitutional obligation to provide medical care to those whom it detains." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Rhinehart v. Scutt,*

894 F.3d 721, 736–37 (6th Cir. 2018); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Estelle*, 429 U.S. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).  Deliberate indifference may be manifested by a medical professional's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*  The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff fails to make any factual allegations regarding Defendant Teelander's or Defendant Slusher's knowledge regarding the fact or the extent of Plaintiff's alleged wrist injury.  Absent such allegations, Plaintiff necessarily fails to show that either of those Defendants were aware of facts from which the inference could be drawn that Plaintiff was subject to a substantial risk of serious harm absent appropriate treatment.  Accordingly, Plaintiff has failed to state a deliberate indifference claim against Defendant Teelander or Slusher.

With regard to Defendant McIntyre, however, Plaintiff alleges that Defendant McIntyre called Plaintiff out while passing out meds, examined Plaintiff at least sufficiently to provide him with an Ace bandage to wrap his wrist, and advised Plaintiff that he would be called out again within five days.  Accepting that Plaintiff's wrist constitutes a serious medical need, Plaintiff has alleged facts that suffice to show that Defendant McIntyre was aware of that need.  Plaintiff alleges further that Defendant McIntyre "downplayed" Plaintiff's serious medical need by not accurately portraying the extent of Plaintiff's pain in the report regarding contact with Plaintiff.  At this early stage, and construing Plaintiff's allegations with the requisite liberality, the Court cannot dismiss Plaintiff's claim that Defendant McIntyre was deliberately indifferent to Plaintiff's serious medical need.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Jenning, Grose, Teelander and Slusher will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will also dismiss, for failure to state a claim,

14

Plaintiff's Eighth Amendment excessive force claim against Defendant Jensen relating to the "assaults" in the hallway and shower.  Plaintiff's Eighth Amendment excessive force claim against Defendant Jensen arising out of the door slot incident and Plaintiff's Eighth Amendment deliberate indifference claim against Defendant McIntyre relating to Plaintiff's alleged wrist injury remain in the case.

An order consistent with this opinion will be entered.


Dated:  April 2, 2026                              /s/ Phillip J. Green
                                                            PHILLIP J. GREEN
                                                            United States Magistrate Judge